## INDUSTRIAL COMM v ZELMANOVITZ

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15249.  Decided April 13, 1936

John W. Bricker, Columbus, and Rolla Price, Cleveland, for plaintiff in error.

F. E. Stearns, Cleveland, for defendant in error.

520

## OPINION

By LIEGHLEY, PJ.

It is claimed that plaintiff is allergic. It is said that she is idiosyncratic or hypersusceptible to certain irritants; that this condition is not an infirmity or disease but a peculiarity of the individual.

She testified that the next morning her face was broken out and that she thereafter went to see a doctor; that it caused a terrible itching. She also testified that she ate peaches, peeled peaches and canned peaches both before and after this alleged accident, and this occasion is the only one about which she complains and the only one that resulted in causing her any facial trouble.

A witness Helen Seidner, a co-worker with plaintiff, testified that she saw her wipe her hands on this towel and later wipe her face with the same towel and testifies to the appearance of her face several days later.

The attending physician testified that he saw her on September 12th, which was two days after the alleged occurrence. He testified that she had what he thought to be dermatitis venenata which is caused by some external irritant such as poison ivy. He testified that it was "perfectly possible" that the peach juice caused her condition; that he took a history from her; that he used a process of elimination to arrive at his conclusion that she was suffering from this irritant; that wiping off peaches was a reasonable cause thereof. He also admits that he was negligent in not running through a series of patch tests to determine the cause. He says: "There are legions of other substances" that are irritants that may break down the resistance of the skin; that it is impossible to tell from the appearance of the face which one of these various things she had come in contact with, as they all look alike; that he is satisfied that the use of this towel might be the causative factor.

It is significant that the physician sidestepped the statement that this peach juice was probably the cause of her affliction. He admits there are myriads of causes or irritants and that he did not make the peach test.

From the time that plaintiff used this towel until next morning when she discovered that her face was afflicted she doubtless came in contact with many objects and substances in touching whatever she did touch or handle. There is nothing in this case but an attempt to charge the peach juice with the cause of her trouble. The case rests entirely upon a possibility. There is a total failure of proof to establish the causal relation between the peach juice and the irritation of the face. The plaintiff failed to establish her case.

The judgment is reversed for this reason and final judgment entered for plaintiff in error.

There is another more cogent reason why this judgment is erroneous and should be reversed and final judgment entered for plaintiff in error.

Paragraph two of the syllabus of the case of **Industrial Commission v Weigandt, 102 Oh St 1**, reads as follows:

"The test of right to award from the insurance fund under the Workmen's Compensation Law, for injury in the course of employment is not whether there was any fault or neglect on the part of the employer, or his employee, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments."

There are no conditions about this employment that were inherently dangerous. There is nothing about the work of peeling or preparing peaches for a customer that presents any hazard to an employee. There is nothing about it that the employer could furnish safe-guards or devices against its occurrence. Assuming that the peach juice was the cause, it was the condition of the plaintiff, and not the conditions of her employment that resulted in the alleged injury of which she complains. This was no such trauma as is compensable. It may be medical trauma but not legal trauma. **Industrial Commission v Armacost, 129 Oh St 176.**

Contact with peach juice claimed to be an irritant to one hypersusceptible thereto falls far short of being a compensable physical injury. While the proof is meager and both injury and disease must have a cause, it would seem much more reasonable to classify claimant's affliction as a disease resultant from some irritant. See **Industrial Commission v Middleton, 126 Oh St 212.** The syllabus reads:

"Under the Constitution and laws of Ohio, a disease, other than the enumerated occupational diseases, is not compensable,

merely because it was contracted during the period of a particular employment. To be compensable, such disease must be occasioned by or follow as the result of physical injury. (**Industrial Commission v Cross, 104 Oh St 561; Renkel v Industrial Commission, 109 Oh St, 152; and Industrial Commission v Russell, 111 Oh St, 692,** approved and followed)."

Paragraphs two and three of the case of **Industrial Commission v Cross, 104 Oh St 561,** follow:

"2. **Sec 35, Article II of the Constitution,** differentiates between 'injuries' and 'occupational diseases.' If 'occupational diseases' were not comprehended in the term 'injuries' by that section of the constitution, diseases other than occupational diseases were not so comprehended."

"3. The term 'injury' as used in §1465-68, GC, does not include diseases which are contracted, as distinguished from diseases which are occasioned by or follow as a result from physical injury."

Quoting from the opinion the court has this to say:

"For it must be recognized that if th' term 'injury' is to be construed to include typhoid fever contracted in the course of employment, it may as well include influenza, pneumonia, tuberculosis, smallpox, ordinary colds, rheumatism, and practically every disease which may be contracted by workmen in the course of employment, and the workmen's compensation department will become a health and life insurance department for workmen, compulsorily supported by employers, and the constitutionality of the whole scheme be endangered."

This case is not comparable to those novocaine cases cited nor comparable to cases wherein the plaintiff is burned by coming in contact with acids. These substances are potentially harmful. Peaches certainly are not. If this plaintiff is entitled to compensation from the fund, the door might as well be thrown open. It is claimed that there are a dozen or more irritants resulting in hay fever to many supersensitive thereto, one of which is the pollen from goldenrod. If there is a right of recovery in his case then every employee whose employment takes him near or in contact with goldenrod producing a case of hay fever will also be entitled to compensation. Many other like and similar illustrations might be recounted. Such afflictions were never intended to be covered by the Act.

Accidental injury resulting from improper or unusual working conditions is compensable. Injury or disease resulting to an employee solely by reason of his own unusual or exceptional condition or peculiarity is not compensable.

For this further reason the judgment is reversed and final judgment entered for the plaintiff in error, with exceptions noted.

TERRELL, J, concurs in judgment.
LEVINE, J, dissents.